UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:01-cr-135-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| JOHN HENRY STACKS, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 151). Defendant asks this Court to grant him compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, based on his age and declining health. Defendant is represented by Joshua B. Carpenter and Jared P. Martin of the Federal Public Defender's Office of Western North Carolina. The Government has responded in support of the motion and agrees to a sentence of time served.[1] (Doc. No. 156). For the following reasons, the Court finds that Defendant has shown extraordinary and compelling reasons warranting a reduction in Defendant's sentence to time served. Therefore, the Court will **GRANT** the motion.

I.     BACKGROUND

Between February and May 2001, Defendant participated in six bank robberies, two Hobbs Act robberies, and one carjacking. (Presentence Report ("PSR") ¶¶ 6–11, 15–17). Defendant threatened to kill bank tellers during at least two of the bank robberies, and Defendant

---

[1] The Government notes in its response that, while it agrees that the Court should grant Defendant's motion, it opposes a reduction in Defendant's sentence based on the First Step Act provisions that altered the sentencing structure for section 924(c) firearm offenses.

-1-

threatened to kill his Hobbs Act robbery victims at gunpoint if they did not comply with his demands. (Id., ¶¶ 7–8, 16–17). During the carjacking, Defendant pointed a gun at his victim when she got into her car and then shoved her out of the car before driving off in it. (Id. ¶ 15). Defendant was also involved in a conspiracy to distribute powder and crack cocaine during the same time period. (Id. ¶ 14). When police attempted to stop Defendant's car after his second and final armed Hobbs Act robbery, he fled police, driving the wrong way against oncoming traffic on Polk Street in Pineville, North Carolina. (Id. ¶ 18). After Defendant lost control of his car, he fled on foot, carrying a stolen revolver that police later seized when a K-9 tracked and overtook Defendant. (Id.). In total, Defendant stole more than $72,300. (Id. ¶ 20).

A federal grand jury indicted Defendant and charged him with conspiracy to commit bank robbery, 18 U.S.C. § 371; conspiracy to possess with intent to distribute and distribute powder cocaine and at least 50 grams of crack cocaine, 21 U.S.C. § 846; carjacking, 18 U.S.C. § 2119; brandishing a firearm during and in relation to the carjacking offense, 18 U.S.C. § 924(c); Hobbs Act robbery, 18 U.S.C. § 1951; brandishing a firearm during and in relation to the Hobbs Act robbery, 18 U.S.C. § 924(c); a second count of Hobbs Act robbery, 18 U.S.C. § 1951; brandishing a firearm during and in relation to the second Hobbs Act robbery, 18 U.S.C. § 924(c); and possessing a firearm as a convicted felon, 18 U.S.C. § 922(g)(1). (Doc. No. 1). In July 2003, Defendant pleaded guilty to each of the charged offenses without a plea agreement. (July 28, 2003, Docket Entry).

This Court's probation office calculated an adjusted offense level of 35 and a total offense level of 33 based on the offense-specific guidelines and the multi-count adjustment. (PSR ¶¶ 110, 112). The probation officer also found that Defendant was an armed career

-2-

Case 3:01-cr-00135-MOC   Document 157   Filed 04/25/22   Page 2 of 7

criminal under 18 U.S.C. § 924(e) and Sentencing Guidelines § 4B1.4 because he had two prior convictions for common-law robbery and one prior conviction for bank robbery. (Id. ¶ 110). Application of the armed-career-criminal guideline yielded an adjusted offense level of 34, one level lower than the adjusted offense level resulting from application of the offense-specific guidelines. (Id.). Accordingly, the higher adjusted offense level applied when Defendant was originally sentenced. (Id.). The probation officer determined that the Sentencing Guidelines called for a sentence of between 235 and 293 months in prison for the robbery, carjacking, and drug-trafficking offenses, subject to lower statutory maximum terms for certain of those offenses, and for a consecutive term of 7 years in prison for the first section 924(c) firearm offense and consecutive terms of 25 years in prison for each of the other two section 924(c) firearm offenses. (Id. ¶ 166).

This Court sentenced Defendant to 235 months in prison for the drug-trafficking and Hobbs Act robbery offenses, 60 months in prison for the bank-robbery-conspiracy offense, and 180 months in prison for the carjacking offense, to be run concurrently; to a consecutive 84 months on the first section 924(c) firearm offense; and to two terms of 300 months in prison, to run consecutively for the second two section 924(c) firearm offenses. (Doc. No. 72 at 2). In October 2012, this Court reduced Defendant's sentence on the Hobbs Act robbery and drug-trafficking offenses to 210 months in prison. (Doc. No. 132).

Defendant appealed, arguing that this Court failed to find a factual basis supporting each of the charges against him and that this Court abused its discretion when he sought to withdraw his guilty plea to some of the charges. United States v. Stacks, No. 04-4037, 122 F. App'x 9, 9 (4th Cir. 2005) (unpublished decision). The Fourth Circuit affirmed this Court's judgment. Id. at

10.

In June 2021, Defendant asked the warden of his Bureau of Prisons facility to grant him compassionate release. (Doc. No. 151-1). The warden denied Defendant's request a month later. (Doc. No. 151-2). Defendant now asks this Court to grant him compassionate release, asserting that his age and declining health warrant that relief, and that he would receive a lower sentence if sentenced today. (Doc. No. 151 at 1).

Defendant is 74 years old and is credited with having served 312 months in the Bureau of Prisons. (PSR at 3; Doc. No. 151-4). In 2014, Defendant was diagnosed with lymphoma, and in 2016, he was diagnosed with a second incidence of lymphoma. (Doc. No. 151-6). Both cancers are now in remission. (Id.). Defendant is currently on medication for hypertension, hyperlipidemia, depression, constipation, pain, Type II diabetes, ulcerative colitis, asthma, and an enlarged prostate. (Doc. No. 151-7). Defendant also asserts that he walks with the aid of a walker and has increasing difficulties with mobility and chronic pain. (Doc. No. 151 at 19).

While in the Bureau of Prisons, Defendant has received three disciplinary citations—for for lying or falsifying a statement and smoking in an unauthorized area in 2004 and for assault without serious injury in 2009. (Doc. No. 143 at 3; Doc. No. 151-4). He has completed 15 educational classes or work assignments. (Id.).

## II. DISCUSSION

Section 603(b) of The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a

motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Before the First Step Act amended § 3582(c)(1)(A), a court could only act to reduce a defendant's sentence for extraordinary and compelling reasons if the Bureau of Prisons filed a motion seeking that relief.

The First Step Act also amended 18 U.S.C. § 924(c), removing the possibility that a defendant will receive "stacked" Section 924(c) sentences by requiring that the 25-year mandatory-minimum sentence that applies for a second or successive section 924(c) conviction applies only when a prior Section 924(c) conviction arises from a separate case and already has become final. First Step Act § 403(a), 132 Stat. at 5222. That change does not apply retroactively to sentences, like Defendant's, that were imposed before December 21, 2018, the effective date of the First Step Act. Id. § 403(b).

Although not binding on this Court, see United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020), the commentary to Sentencing Guidelines § 1B1.13 provides specific and limited grounds for release under § 3582(c)(1)(A). These include (1) a terminal illness; or (2) a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). A defendant's age may also warrant compassionate release, if (1) the defendant is at least 65 years old, (2) is experiencing a serious deterioration in physical or mental health because of the aging process, and (3) has served at least 10 years or 75% of his term of imprisonment, whichever is less. Id., § 1B1.13 cmt. n.1(B). Congress has made clear that rehabilitation of the defendant alone "shall not

be considered an extraordinary and compelling reason" for a modification. 28 U.S.C. § 994(t).

The Court finds that because Defendant (1) is more than 65 years old, (2) is experiencing a serious decline in his health because of aging, and (3) has served well more than 10 years in prison, he satisfies the criteria identified in section 1B1.13, cmt. n.1(B) as extraordinary and compelling reasons warranting compassionate release. Moreover, Defendant has shown that he no longer poses a danger to the community. Defendant has only three disciplinary citations while in the Bureau of Prisons, the most recent of which was 13 years ago. And while Defendant's offense conduct was violent, no one was physically injured, and he has served more than 25 years for those offenses. In sum, for the reasons stated herein, Defendant's motion is granted.

## ORDER

**(1) IT IS, THEREFORE, ORDERED** that Defendant's Motion for Compassionate Release (Doc. No. 151) is **GRANTED**, and the Court hereby orders that Defendant's term of imprisonment is reduced to **TIME SERVED**.

**(2)** Defendant is therefore **ORDERED** released from the custody of the United States Bureau of Prisons and/or the custody of the U.S. Marshals Service. To allow the Bureau of Prisons/United States Marshal/Pretrial Service adequate time, such are allowed up to ten days to comply with this order.

**(3)** The Clerk of Court shall certify copies of this Order to the U.S. Bureau of Prisons, U.S. Marshals Service, and the U.S. Probation and Pretrial Services Office.

Signed: April 25, 2022

*[signature]*

Max O. Cogburn Jr
United States District Judge