UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:01-cr-135-MOC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| JOHN HENRY STACKS, JR. ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's pro se Letter/Motion to Remove Court Ordered Restitution (Doc. No. 158), seeking to "be removed" from restitution and exempted from having to make payments towards his restitution debt. The Government has filed a response brief. (Doc. No. 163).

I.     BACKGROUND

The Court sentenced Defendant on December 1, 2003, to a total of 919 months' imprisonment for conspiracy to commit bank robbery in violation of 18 U.S.C. § 371 (Count One); conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 846 and 841 (Count Two); carjacking in violation of 18 U.S.C. § 2119 (Count Three); three counts of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Counts Four, Six and Eight); two counts of delaying and affecting interstate commerce by force and violence in violation of 18 U.S.C. § 1951 (Counts Five and Seven); and possession of a firearm in and affecting interstate commerce by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count Nine).

1

Defendant was ordered to pay an assessment of $900.00 and restitution of $72,307.12 to the victims of his crime, joint and several with his co-defendant. On October 16, 2012, this Court reduced Defendant's sentence on the Hobbs Act robbery and drug-trafficking offenses to 210 months in prison (Doc. No. 132). On April 25, 2022, this Court granted Defendant's motion for compassionate release (Doc. No. 157).

To date, Defendant has paid $1,729.28 toward his special assessment and restitution. Almost all of Defendant's payments were made through the Inmate Financial Responsibility Program ("IFRP") while he was incarcerated. Since he was released from prison, Defendant has made one payment towards his restitution debt in the amount of $50.00 on August 9, 2022. The Clerk of Court's records reflect that the outstanding balance of Defendant's restitution debt as of September 1, 2022, is $69,257.84.

Defendant filed a letter on August 8, 2022, asking the Court if there is any way "the Court can remove me from my restitution." (Doc. No. 158). He states that his probation officer is requiring him to send payments of $50.00 per month towards this debt, as well as $25.00 per month to the Clerk of Court in Florence, South Carolina, as to his other debt. He further states that his only source of income is $560.67 per month from "SSI" (i.e., the Social Security Administration's Supplemental Security Income) and $250.00 for food stamps. Id.

**II.     DISCUSSION**

Defendant's motion is denied. Defendant's restitution was properly ordered pursuant to the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A, and there is no basis for amending, modifying, or removing the judgment. The MVRA requires that restitution be ordered "in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A). Restitution

imposed pursuant to the MVRA cannot be terminated, revoked, or remitted. <u>United States v. Roper</u>, 462 F.3d 336, 338-339 (4th Cir. 2006). The time to seek correction of an error pursuant to Federal Rule of Criminal Procedure 35(a) or appeal the order under § 3742 has long since passed. There is thus no basis for removing Defendant's restitution obligation.

    **IT IS THEREFORE ORDERED** that Defendant's pro se Letter/Motion to Remove Court Ordered Restitution (Doc. No. 158), is **DENIED**.

Signed: September 23, 2022

Max O. Cogburn Jr.
United States District Judge